IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHIE V. NYARKO, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>) Case No.   CIV-04-558-F<br>JO ANNE B. BARNHART, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>   Defendant. ) | |

## FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings** .

**PROCEDURAL HISTORY**

Plaintiff filed her application for SSI on July 24, 2001 alleging a disability since April 1, 2001 (TR. 454-455). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 427, 428). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on October 9, 2002 (TR. 55-94). The Plaintiff appeared in person and with her attorney representative and offered her testimony in support of the application (TR. 60-88). A vocational expert (VE) also testified at the request of the ALJ (TR. 88-93). The ALJ issued his decision on December 21, 2002 finding that Plaintiff was not entitled

to SSI (TR. 20-24).  The Appeals Council denied the Plaintiff's request for review on March 4, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 10-12).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 23).  At step two, the ALJ concluded that Plaintiff had severe impairments due to musculoskeletal problems and asthma (TR. 23).  At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).  At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 23).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff had the RFC to perform sedentary work (TR. 23). The ALJ considered the testimony of a vocational expert (VE) and determined that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 24).

On appeal to this Court, Plaintiff alleges (I) that the ALJ improperly disregarded the opinions of her treating physician; (II) that the ALJ made an improper credibility assessment; and (III) that the ALJ erred in formulating Plaintiff's RFC because it failed to include all of Plaintiff's physical limitations.

## MEDICAL EVIDENCE

In June 2001 Plaintiff was examined by E. Reed, M.D., who stated that Plaintiff was in no apparent distress that "HEENT is within normal. Neck supple, Heart RRR. Lungs are clear to auscultation. Extremities without clubbing, cyanosis, or edema" (TR. 537). Dr. Reed also reported that Plaintiff's hypertension was not well controlled (TR. 537).

In August 2001 Plaintiff was examined by Dwight W. Reynolds, M.D., who found that Plaintiff had an abnormal EKG (TR. 521). The EKG report also stated that Plaintiff had "normal sinus rhythm with 1st degree AV block; cannot rule out anterior infarct, age undetermined, Abnormal ECG" (TR. 524).

In September 2001 Plaintiff was examined by a consultative examiner, Bret Langerman, D.O., who found that Plaintiff's heart had regular rate and rhythm without murmurs, rubs, gallops or clicks noted; that Plaintiff's breath sounds were symmetrical; and that her lungs revealed distant breath sounds bilaterally, but they were clear to auscultation without rales, rhonchi or wheezing (TR. 535). Dr. Langerman found that Plaintiff's extremities were warm and dry without clubbing or cyanosis; that she had very mild edema in her ankles; and that she had some crepitance in her

3

right knee (TR. 535). Dr. Langerman further found that Plaintiff's grip strength was adequate; that she had no appreciable focal or sensory deficits; and that she had full range of motion in her spine (TR. 536). Dr. Langerman noted that Plaintiff had mild deficits "about flexion of the hips" and knees bilaterally; and that she had "very limited restrictions about the distal phalanxes on the right hand" (TR. 536). Dr. Langerman's assessment included (1) pain and weakness about the right wrist and hand with equal grip strength; (2) subjective pain about the right knee; (3) low back pain; and (4) asthma and hypertension by history (TR. 536).

A Physical RFC Assessment completed in October 2001 by an agency physician concluded that Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; kneel or crawl only occasionally; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 542-543). The assessment also concluded that Plaintiff must avoid even moderate exposure to extreme cold and fumes, odors, dusts, gases, poor ventilation, etc. (TR. 545). The agency physician further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 542-545).

In a Medical Source Statement-Physical from October 2002 D. Dawson, M.D., opined that Plaintiff retained the "maximum capacities to" frequently or occasionally lift and/or carry less than 10 pounds because over exertion caused her chest to hurt; and that she could stand, walk or sit only one hour in a typical eight hour workday because of swelling in her feet (TR. 586). Dr. Dawson also concluded that Plaintiff would be required to lie down during a normal workday to manage pain or other symptoms; that Plaintiff was limited in her ability to push and/or pull; and that Plaintiff could never climb, balance, stoop, kneel, crouch, crawl, reach, handle, finger or feel (TR. 587). Dr. Dawson admitted that there were no clinical or laboratory findings to support his conclusions (TR. 587).

## I.

Plaintiff contends that the ALJ improperly disregarded the opinions of her treating

physician, Dr. Dawson (See Plaintiff's Opening Brief at p. 10-11). A treating physician's opinion is entitled to great weight. *Williams v, Bowen*, 844 F.2d 748, 757-58 (10th Cir. 1988) (more weight will be given to evidence from a treating physician than to evidence from a consulting physician appointed by the Secretary or a physician who merely reviews medical records without examining the claimant); *Turner v. Heckler*, 754 F.2d 326, 329 (10th Cir. 1985). However, a treating physician's opinion may be rejected "if it is brief, conclusory, and unsupported by medical evidence." *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ's decision is silent as to the opinions of Dr. Dawson expressed in the October 2002 Medical Source Statement-Physical suggesting Plaintiff could not perform at the sedentary work level during the relevant period (TR. 586-587). The ALJ's decision is also conspicuously silent in its treatment of the opinion of Dr. Dawson expressed in October 2001 that Plaintiff was "unable to do anything for gainful employment" during the relevant period (TR. 526). In his decision the ALJ refers only to Dr. Dawson's opinion of June 2002 in which he states that Plaintiff is "unable to work" (TR. 22, 568). The only analysis offered of Dr. Dawson's opinions is that "Dr. Dawson's [June 2002] statement is not credible" (TR. 22). The ALJ's scant discussion of the medical evidence from Plaintiff's treating physician, Dr. Dawson, violates the standards established by *Byron* and its progeny.

5

Although it appears that the opinions of Dr. Dawson were given in the context of an application for food stamps and some of the opinions were given without the support of clinical and laboratory findings, such does not excuse the ALJ's failure to discuss and evaluate them in his decision.

Thus, remand is appropriate since the ALJ both disregarded and ignored the opinions of Plaintiff's treating physician, Dr. Dawson, without offering specific, legitimate reasons for doing so.

## II.

Plaintiff urges on appeal that the ALJ erred in his credibility analysis. The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529 and 416.929, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* at 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.

The mere existence of pain is insufficient to support a finding of disability. The pain must be considered "disabling." *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) ("Disability requires more than mere inability to work without pain. To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an

6

ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. The Court specifically noted that the ALJ should consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 391. The Tenth Circuit remanded the case, requiring the Secretary to make "express findings in accordance with *Luna*, with reference to relevant evidence as appropriate, concerning claimant's claim of disabling pain." *Id.* at 391.

In this case, the ALJ did offer some discussion of Plaintiff's complaints of pain (TR. 22). However, the ALJ failed to adequately discuss the side effects of any medication which may affect Plaintiff's RFC (TR. 64, 78). The ALJ also failed to adequately discuss Plaintiff's frequency of medical contacts and the nature of her daily activities.

The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's complaints of pain in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's complaints of pain and the weight given by the ALJ to such complaints.

The ALJ's errors in evaluating the evidence, discussed herein, served to taint Plaintiff's RFC determination, therefore, Plaintiff's remaining assertion of error will not be addressed in this report and recommendation.

### RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned

7

magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 11th day of April, 2005.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE